T.C. Summary Opinion 2011-123

UNITED STATES TAX COURT

CECIL AND PATRICIA KIRKPATRICK, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 30252-08S.          Filed October 24, 2011.

Cecil and Patricia Kirkpatrick, pro sese.

<u>Patricia Montero</u>, for respondent.

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue,

and all Rule references are to the Tax Court Rules of Practice and Rule Procedure.

Respondent issued a notice of deficiency to petitioners in which he determined a deficiency of $7,581 as well as a section 6662(a) accuracy-related penalty of $1,516 for 2006. The issues for decision are whether petitioners: (1) Are entitled to deductions claimed for unreimbursed employee business expenses reported on Schedule A, Itemized Deductions;[1] (2) are entitled to deductions claimed for business expenses reported on Schedule C, Profit or Loss From Business; and (3) are liable for a section 6662(a) accuracy-related penalty.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts, the supplemental stipulation of facts, and the attached exhibits are incorporated herein by reference. Petitioners resided in California when they filed their petition.

Cecil Kirkpatrick (Mr. Kirkpatrick) and Patricia Kirkpatrick (petitioner) were both employees for 2006. Petitioner was employed by the California Autism Foundation (CAF). Additionally, petitioner operated a sole proprietorship business.

---

[1]Other adjustments made to petitioners' itemized deductions are computational and will not be discussed.

Petitioner maintained a home office for her business.[2]  Mr. Kirkpatrick was an employee of the State of California.

CAF had a reimbursement policy (policy) in place during the year in issue.  The policy listed four areas of education and training.  The first area was minimal educational requirements. CAF offered in-house training for these requirements, and those employees who did not attend had to pay for equivalent training elsewhere.  The second area was compulsory job skill enhancement. CAF would pay course, workshop, or training fees for job skill enhancement unless it offered in-house training for the same subject matter and the employee did not attend.  The third area was voluntary job skill enhancement.  CAF provided reimbursement for training in this area at its discretion if there was money in the budget and the employee committed to 1 year of service to CAF after the training.  The fourth area was licensed administrator certification training.  CAF would pay for the first course that was required before an employee could take the licensed administrator test.  If an employee did not take the test and pass it within 30 days of completing the course, the employee had to take the course and the test again.  The employee would be responsible for the cost associated with retaking the course and

[2]Respondent conceded at trial that petitioner maintained a home office.

the test.  Employees were also responsible for certification renewal costs.

Petitioner submitted reimbursement request forms to CAF for two training courses and one license renewal:  "infection control", "laughter in the workplace", and her "physch tech license".  All of her requests were denied.

In addition to her job with CAF, petitioner operated a business.  Petitioner gave "DSP Educator" as her principal business or profession on Schedule C.

Petitioners claimed a deduction of $17,893 for job expenses and certain miscellaneous deductions on Schedule A for 2006.  Two Forms 2106-EZ, Unreimbursed Employee Business Expenses, were attached to petitioners' joint Federal income tax return, one for petitioner and one for Mr. Kirkpatrick.

On petitioner's Form 2106-EZ petitioners claimed a deduction of $11,744 for unreimbursed employee business expenses consisting of:  Travel expenses of $199, other business expenses of $11,532, and meals and entertainment expenses of $13.

On Mr. Kirkpatrick's Form 2106-EZ petitioners claimed a deduction of $6,149 for unreimbursed employee business expenses consisting of:  Parking fees, tolls, and transportation expenses that did not involve overnight travel of $121, travel expenses of $1,771, other business expenses of $3,842, and meals and entertainment expenses of $415.

- 5 -

Petitioners reported gross income of $4,393 on Schedule C for 2006. They reported a tentative loss of $7,494 after deducting all of petitioner's expenses except the expenses for business use of their home. Petitioners claimed a deduction of $7,158 for expenses for the business use of their home and reported a net loss of $14,652 on Schedule C. They attached Form 8829, Expenses for Business Use of Your Home, to their 2006 return. They included deductible mortgage interest, real estate taxes, insurance, repairs and maintenance, and depreciation of their home in the computation of the home office deduction. They reported that petitioner used 14 percent of their home for her office. On line 8 of Form 8829, petitioners entered a loss of $10,789 for "the amount from Schedule C, line 29, plus any net gain or (loss) derived from the business use of your home and shown on Schedule D or Form 4797." This amount is greater than the amount petitioners reported on Schedule C, line 29, and petitioners did not attach either a Schedule D, Capital Gains and Loses, or Form 4797, Sales of Business Property, to their 2006 return.

Respondent disallowed all of petitioners' parking, tolls, and transportation expenses, travel expenses, meals and entertainment expenses, and other business expenses reported on Schedule A. Respondent also disallowed all of petitioners' car and truck expenses and expenses for business use of their home

- 6 -

reported on Schedule C.  Additionally, respondent determined that petitioners are liable for an accuracy-related penalty of $1,516.

## Discussion

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous.  Rule 142(a); see INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933).  In some cases the burden of proof with respect to relevant factual issues may shift to the Commissioner under section 7491(a).  Petitioners did not argue or present evidence that they satisfied the requirements of section 7491(a).  Therefore, petitioners bear the burden of proof with respect to the issues in the notice of deficiency.

Deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any deduction or credit claimed.  Rule 142(a); Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  Additionally, a taxpayer must substantiate all expenses.  Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

Section 162 generally allows a deduction for ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business.  Generally, no deduction is

allowed for personal, family, or living expenses. See sec. 262. The taxpayer must show that any claimed business expenses were incurred primarily for business rather than personal reasons. See Rule 142(a); Walliser v. Commissioner, 72 T.C. 433, 437 (1979). To show that the expense was not for personal reasons, the taxpayer must show that the expense was incurred primarily to benefit his or her business, and there must have been a proximate relationship between the claimed expenses and the business. See Walliser v. Commissioner, supra at 437. The performance of services as an employee is considered a trade or business for section 162 purposes. Primuth v. Commissioner, 54 T.C. 374, 377 (1970).

As a general rule, if the trial record provides sufficient evidence that the taxpayer has incurred a deductible expense, but the taxpayer is unable to adequately substantiate the precise amount of the deduction to which he or she is otherwise entitled, the Court may estimate the amount of the deductible expense and allow the deduction to that extent, bearing heavily against the taxpayer whose inexactitude in substantiating the amount of the expense is of his or her own making. Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). In order for the Court to estimate the amount of an expense, the Court must have some basis upon which an estimate may be made. Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). Without such a basis, any allowance would amount

to unguided largesse.  <u>Williams v. United States</u>, 245 F.2d 559, 560-561 (5th Cir. 1957).

Travel expenses, including meals and lodging, entertainment expenses, and expenses with respect to listed property, however, must be substantiated by adequate records or sufficient evidence corroborating the taxpayer's own statement showing the:  (1) Amount of each expenditure, (2) time and place of the travel or entertainment, (3) business purpose of the expense, and (4) in the case of entertainment expenses, the business relationship to the taxpayer of the person being entertained.  Sec. 274(d); sec. 1.274-5T(a) and (b), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

To satisfy the adequate records requirement of section 274(d), the taxpayer shall maintain an account book, a diary, a log, a statement of expense, trip sheets, or similar record and documentary evidence that in combination are sufficient to establish each element of the expenditure or use.  Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).  If a taxpayer does not have adequate records to substantiate each element of an expense, he may alternatively establish an element by "his own statement, whether written or oral, containing specific information in detail as to such element," and by "other corroborating evidence sufficient to

establish such element." Sec. 1.274-5T(c)(3), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985).

The Court cannot estimate a taxpayer's expenses with respect to the items enumerated in section 274(d). Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969); Rodriquez v. Commissioner, T.C. Memo. 2009-22 (the strict substantiation requirements of section 274(d) preclude the Court and taxpayers from approximating certain expenses).

## I.   Petitioners' Unreimbursed Employee Business Expenses

In order to deduct unreimbursed employee business expenses, a taxpayer must not have received reimbursement and must not have had the right to obtain reimbursement from his employer. Orvis v. Commissioner, 788 F.2d 1406, 1408 (9th Cir. 1986), affg. T.C. Memo. 1984-533.

### A.   Petitioners' Other Business Expenses

Petitioner introduced into evidence CAF's reimbursement policy for education and training. Petitioner also introduced into evidence reimbursement requests for training courses that were denied by CAF. It is clear from the record CAF did not reimburse petitioner, but the question remains whether petitioners substantiated the fees for petitioner's training courses and license.

Petitioners introduced into evidence certificates of completion for two training courses.  Petitioners did not produce any evidence that they paid for the training courses. Petitioners did introduce into evidence checking account statements, but there were no entries for payments made for either of the training courses.  Petitioners have not substantiated the fees for the training courses; therefore, they are not entitled to a deduction for those fees.

Petitioners also introduced into evidence petitioner's renewal record from the Board of Vocational Nursing and Psychiatric Technicians.  The renewal record reflects a renewal fee paid for petitioner's nursing and psychiatric technician license (license) of $360.[3]  The Court finds that petitioner paid $360 to renew her license and that petitioners are entitled to a deduction in that amount.

Petitioners claimed a deduction for thousands of dollars for other business expenses.  Petitioners introduced into evidence copious receipts for expenses, many for years not in issue. Although some receipts for 2006 were introduced into evidence, no explanation was given as to the business purpose for those

---

[3]Petitioner requested reimbursement of $240 for the renewal of her license.  She provided no explanation why she requested less than the full amount she paid to renew her license.

expenditures.[4]  See sec. 274(d); sec. 1.274-5T(a) and (b), Temporary Income Tax Regs., supra.  For those expenses that could be estimated, petitioners provided no basis upon which the Court could make an estimate.  See Vanicek v. Commissioner, 85 T.C. at 742-743.  Therefore, respondent's determination to disallow petitioners' deductions for other business expenses in excess of the $360 petitioner paid to renew her license is sustained.

B.    Petitioners' Meals and Entertainment, Travel, and Parking, Tolls, and Transportation Expenses

Petitioners claimed a deduction for meals and entertainment expenses of $428, travel expenses of $1,970, and parking, tolls, and transportation expenses of $121.  Petitioners introduced into evidence receipts for vehicle repairs, auto insurance, car registration renewals, and a toll charge account statement for 2006.  Neither petitioner nor Mr. Kirkpatrick testified to the business purposes of these expenses or provided any additional information about how these expenses related to either of their positions as employees.  Petitioners have failed to substantiate any of these expenses.  Therefore respondent's determination to

---

[4]Petitioners introduced into evidence telephone bills for three different telephone carriers, but they gave no explanation as to the business purpose of any of their telephone calls. Petitioner testified that the "advance" on her paycheck stubs was for her cell phone.  She provided no further explanation. Petitioners also introduced into evidence receipts for pool repairs and home improvements.  No business purpose was given for the pool repairs, and most of the home improvement receipts were for years not in issue.

disallow petitioners' meals and entertainment, travel, and parking, tolls, and transportation expenses is sustained.

## II.  Petitioners' Schedule C Expenses

Petitioners' car and truck expenses and home office deduction are the only Schedule C items in issue.

### A.  Petitioners' Car and Truck Expenses

At trial respondent clarified that before trial petitioners substantiated all of their car and truck expenses but that some of the expenses are deductible as unreimbursed employee expenses and should have been properly reported on Schedule A. Petitioners provided no evidence that respondent's reclassification of a portion of their car and truck expenses was improper.  Therefore, the Court sustains respondent's reclassification of a portion of petitioners' car and truck expenses claimed on Schedule C as expenses that should have been properly reported on Schedule A.

### B.  Petitioners' Home Office Deduction

Section 280A(a) provides as a general rule that no deduction otherwise allowable to an individual "shall be allowed with respect to the use of a dwelling unit which is used by the taxpayer during the taxable year as a residence."  Section

280A(c)(1), however, provides that the general rule of section 280A(a) is not applicable for certain business use of the home.[5]

There are limits to the deductions allowed in section 280A(c).  Section 280A(c)(5) limits a taxpayer's deductions for the business use of a dwelling to the amount by which the gross income generated from the business activity conducted in the dwelling exceeds the sum of the deductions for expenses allocable to such activity whether or not the dwelling is so used and the deductions allocable to the trade or business in which the use occurs but not allocable to such use.  See Martin v. Commissioner, T.C. Memo. 1996-503, affd. per curiam without published opinion 155 F.3d 559 (4th Cir. 1998).  In other words, no deduction for use of a dwelling may be claimed if the deduction would give rise to, or increase, a net loss from the business to which the deduction relates.  Id. (citing Grinalds v. Commissioner, T.C. Memo. 1993-66).  This interpretation of section 280A(c)(5) is confirmed by the legislative history of the most recent relevant amendment to that section.

---

[5]Respondent does not dispute that petitioners are allowed a home office deduction; the issue is the amount of the deduction. See supra note 2.

Reasons for Change

\*        \*        \*        \*        \*        \*        \*

Limitations on deduction

     \* \* \* The committee believes that a home office deduction to which section 280A applies should not be used to reduce taxable income from the activity to less than zero.  In adopting the provisions of the bill, the committee reemphasizes that section 280A was enacted because of concerns about allowing deductions for items which have a substantial personal component relating to the home,  which most taxpayers cannot deduct, and which frequently do not reflect the incurring of significantly increased costs as a result of the business activity, and that the provision should be interpreted to carry out its objectives.

     \*        \*        \*        \*        \*        \*        \*

Explanation of Provisions

     \*        \*        \*        \*        \*        \*        \*

Limitations on deduction

     In general.--The bill limits the amount of a home office deduction (other than expenses that are deductible without regard to business use, such as home mortgage interest) to the taxpayer's gross income from the activity, reduced by all other deductible expenses attributable to the activity but not allocable to the use of the unit itself.  Thus, home office deductions are not allowed to the extent that they create or increase a net loss from the business activity to which they relate.

     [H. Rept. 99-426, at 133-135 (1985), 1986-3 C.B. (Vol. 2) 1, 133-135).]

Petitioners reported Schedule C gross income of $4,393 and, after expenses, a tentative loss of $7,494.  As discussed above the home office deduction cannot create or increase a net loss from the business activity to which the deduction relates.

Therefore petitioners are not entitled to a home office deduction for 2006.[6]

III.  Accuracy-Related Penalty

Section 6662(a) and (b)(2) imposes a 20-percent accuracy-related penalty on the portion of an underpayment that is attributable to a substantial understatement of income tax.[7]  An understatement of income tax is the excess of the amount of income tax required to be shown on the return for the taxable year over the amount of income tax that is shown on the return, reduced by any rebate.  See sec. 6662(d)(2)(A).  An understatement is substantial if it exceeds the greater of 10 percent of the tax required to be shown on the return for the taxable year or $5,000.  See sec. 6662(d)(1)(A).

The Commissioner bears the burden of production with respect to the applicability of an accuracy-related penalty determined in a notice of deficiency.  Sec. 7491(c).  In order to meet that burden, the Commissioner need only make a prima facie case that imposition of the penalty is appropriate.  Higbee v.

---

[6]After the notice of deficiency was issued and before trial, petitioners substantiated expenses of $2,391 for the business use of their home to respondent's satisfaction.  At trial petitioners failed to substantiate any further expenses for the business use of their home.  The Court notes that to the extent substantiated deductions are disallowed under sec. 280A(c)(5) they may be carried forward to the succeeding taxable year.  See sec. 280A(c)(5)(B).

[7]The Court need not determine whether petitioners are liable for the accuracy-related penalty due to negligence.

Commissioner, 116 T.C. 438, 446 (2001).  Once that burden is met, the taxpayer bears the burden of proving that the accuracy-related penalty does not apply because of reasonable cause, substantial authority, or the like.  Secs. 6662(d)(2)(B), 6664(c); Higbee v. Commissioner, supra at 449.  Respondent has met his burden of production for an accuracy-related penalty based on a substantial understatement of income tax because petitioners' understatement of income tax exceeds $5,000.

An accuracy-related penalty is not imposed on any portion of the underpayment as to which the taxpayer acted with reasonable cause and in good faith.  Sec. 6664(c)(1).  Section 1.6664-4(b)(1), Income Tax Regs., incorporates a facts and circumstances test to determine whether the taxpayer acted with reasonable cause and in good faith.  The most important factor is the extent of the taxpayer's effort to assess his or her proper tax liability.  Id.

Petitioners provided no evidence that they acted in good faith and with reasonable cause.  Accordingly, respondent's determination of the accuracy-related penalty is sustained.

To reflect the foregoing,

Decision will be entered

under Rule 155.